IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 53109**

| | |
|---|---|
| In the Interest of: ) | |
| **John Doe I and Jane Doe I,** ) | |
| **Children Under Eighteen (18) Years of** ) | |
| **Age.** ) | |
| **STATE OF IDAHO, DEPARTMENT OF** ) | |
| **HEALTH AND WELFARE,** ) | **Filed: October 16, 2025** |
| ) | |
| **Petitioner-Respondent,** ) | **Melanie Gagnepain, Clerk** |
| ) | |
| **v.** ) | **THIS IS AN UNPUBLISHED** |
| ) | **OPINION AND SHALL NOT** |
| **JANE DOE (2025-31),** ) | **BE CITED AS AUTHORITY** |
| ) | |
| **Respondent-Appellant.** ) | |
| ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Eric D. Fredericksen, State Public Defender; Joshua D. Mills, Deputy Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights to her children, John Doe I and Jane Doe I (Children).[1] Doe argues the magistrate court erred in finding that it is in Children's best interests to terminate Doe's parental rights. The magistrate court's judgment terminating Doe's parental rights is affirmed.

---

[1] Doe is also the biological mother of a third child who was originally removed with Children in November 2024, but since the removal has turned eighteen years old and thus, his case was bifurcated from the case with Children and is not at issue in this case.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the biological mother of Children. Children were removed from the home and placed into foster care from December 10, 2016, through September 12, 2017, at which time Children were returned to Doe's care. Children were again removed from the home and placed into foster care from May 11, 2023, through April 19, 2024, and again returned to Doe's care. Children were removed from Doe's care in this case on November 19, 2024, when Doe was arrested on a bench warrant for violating the terms and conditions of her felony probation. Doe's probation was revoked, her underlying sentence was executed, and the district court retained jurisdiction. Doe has remained incarcerated since her arrest.

Based on Doe's arrest, Children were placed in the temporary custody of the Idaho Department of Health and Welfare (Department) and at the time of their removal, hair follicle testing indicated Children had been exposed to methamphetamine. Despite being incarcerated, a case plan was ordered for Doe. Based on Doe's incarceration and her history with Child Protection Act (CPA) cases, the Department moved for an early permanency hearing, which the magistrate court granted. Following the expedited permanency hearing, the magistrate court found that since 2023, Children had been in foster care a total of fifteen months and thus, issued an order approving adoption as the permanency plan with a concurrent plan of reunification. The Department filed a petition to terminate Doe's parental rights and, following a trial, the magistrate court entered an order terminating Doe's parental rights to Children.[2] Doe appeals.

# II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and

---

[2]     John Doe I and Jane Doe I have different fathers. The parental rights of the fathers are not at issue in this case.

convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

On appeal, Doe does not challenge the magistrate court's finding that she neglected Children. Doe only argues that the magistrate court erred in finding that it is in Children's best interests to terminate Doe's parental rights. The State argues that Doe has waived all assignments of error by failing to make specific arguments about how the magistrate court erred. Alternatively, the State argues the magistrate court did not err in finding that termination of Doe's parental rights is in Children's best interests.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012). Because Doe does not challenge the magistrate court's finding that Doe neglected Children, we need only address whether termination of Doe's parental rights is in the best interests of Children.

Doe argues the magistrate court's finding that Doe is unable to change her behavior is speculative and not supported by substantial and competent evidence. Doe does not challenge any of the other factual findings made by the magistrate court and does not explain why those findings did not justify terminating her parental rights. This Court generally does not address issues not

supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Because Doe has only preserved a challenge to the magistrate court's factual finding that she is unlikely to change her behavior, she has waived her arguments as to all other factual findings supporting the magistrate court's finding that termination of her parental rights is in the best interests of Children.

In finding that it is in Children's best interests to terminate Doe's parental rights, the magistrate court noted that Doe had two prior CPA cases, one in 2016 and one in 2023, and that Doe's addiction had played a role in the removal of Children in all three of her CPA cases. The magistrate court found Doe had a history of deficient parenting and Doe's substance abuse and untreated mental health concerns created a risk of danger for Children. The magistrate court further found that Children suffered significant emotional trauma due to the unsafe circumstances and environments they experienced while in Doe's care.

The magistrate court noted that in each of the prior CPA cases, although Doe successfully completed substance abuse treatment and a protective parenting course, the programs were ultimately unsuccessful because after each CPA case was closed, Doe resumed her substance abuse and exposed Children to unsafe individuals. Indeed, the 2023 CPA case arose because of Doe's failure to actively protect one of the Children from sexual abuse. Additionally, in the 2023 CPA case, Doe was diagnosed with several mental health issues, but Doe did not maintain mental health supports or medication and in the current case, denied any current mental health concerns.

The magistrate court found that, "Despite two (2) previous Child Protection case interventions and extensive parenting education, [Doe] has not modified her behaviors or changed her home environment." Noting that Doe's substance abuse and mental health concerns "are too entrenched for this court to have any confidence that she will meaningfully and permanently change her behaviors," the magistrate court concluded that returning Children to Doe would again subject them to "parental substance abuse, unaddressed mental health concerns, inappropriate and potentially dangerous adults, general instability, and most likely a return to foster care for a fourth (4th) time." The magistrate court noted that, based upon the time of the termination hearing and Doe's incarceration, it did not foresee Doe could safely parent Children for at least another eighteen months, and that presumed Doe experienced no setbacks.

4

Based on Doe's behavior, the magistrate court concluded that Doe "has demonstrated that she cannot keep her children safe, provide them a stable home environment, and ensure that they can look forward to a certain future." The magistrate court went on to find that Doe deeply loves Children and Children love her, and that terminating Doe's parental rights will inflict significant emotional pain to Children. However, the magistrate court noted that doing so was necessary to ensure that Children have a chance for a stable, healthy, and safe future. The magistrate court found that Children expressed they felt safe in foster care and the feeling of safety and security was a new experience for Children. The magistrate court noted that it is important Children be permitted to enjoy safety, stability, and certainty for the remainder of their minorities.

Doe argues the magistrate court's finding that Doe is unable to change her behavior is speculative and not supported by substantial and competent evidence. However, as noted above, the magistrate court made specific findings addressing Doe's improvements while a CPA case is pending but once the case has closed, Doe's historical pattern demonstrates that she stops engaging in substance abuse treatment and promptly relapses into substance abuse, which creates a danger risk for Children. In light of the evidence presented, the magistrate court did not err in concluding it is in the best interests of Children to terminate Doe's parental rights.

## IV.

## CONCLUSION

The magistrate court did not err in finding that termination of Doe's parental rights is in Children's best interests because its findings are supported by substantial and competent evidence. Therefore, the judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

5